FILED

2017 Aug-22  AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

FILED

AUG 22  A 10: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Joshua Armstrong, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV No.: 5:17-CV-1421-UJH-VEH |
| | ) |
| Toyota Motor Manufacturing, | ) |
| Alabama, Inc., | ) |
| | ) |
| and | ) |
| | ) |
| Coast Personnel Services, Inc. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Joshua Armstrong, and files this Complaint against Defendants Toyota Motor Manufacturing, Alabama, Inc. and Coast Personnel Services, Inc.  As grounds for his Complaint, Plaintiffs shows this Court the following:

### JURISDICTION AND PARTIES

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §12117, and 42 U.S.C. § 2000e, *et seq*.

2. Plaintiff has fulfilled all conditions precedent to the bringing of this action under Title VII. Plaintiff filed charges of discrimination with the United States

1

Equal Employment Opportunity Commission ("EEOC") on June 22, 2016. (EEOC Complaint attached as Exhibit 1). Plaintiff received a Notice of Right to Sue from the EEOC on May 23, 2017 (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3. Plaintiff is an individual who was born December 25, 1989, and resides at 3108 Andros Drive, Huntsville, Madison County, Alabama 35805.

4. Defendant Toyota Motor Manufacturing, Alabama, Inc. ("Toyota") is a domestic corporation, with its headquarters in Huntsville, Madison County, Alabama.

5. Defendant Coast Personnel Services ("Coast"), is a foreign corporation, with its headquarters in Santa Clara, California, doing business in Huntsville, Madison County, Alabama.

## FACTS

6. Plaintiff was hired by Coast, a temporary staffing agency, to work as a machinist at Toyota's manufacturing facility in Huntsville, Alabama beginning September 8, 2014.

7. Plaintiff is a disabled veteran, having served in both Iraq and Afghanistan, and suffers from both Post-Traumatic Stress Disorder ("PTSD"), and gout attacks.

8. While employed by Defendants, Plaintiff's disabilities periodically necessitated that he take FMLA leave.

2

9. In early March 2015, Plaintiff learned from his supervisor, Greg Allen, a Toyota employee, that Eric Corder, another of Plaintiff's supervisors, and a Toyota employee, stated in reference to Plaintiff "I've got one over here who thinks the war made him crazy and is using PTSD to lay out of work."

10. Corder also stated that "PTSD was an excuse, not a disability."

11. Allen reported Corder's statement to Toyota's HR department. Corder was subsequently "coached" as a result of his comment.

12. Plaintiff made a request to Toyota's HR for a transfer out of Corder's supervision, but did not receive one.

13. Subsequent to Allen reporting Corder to HR for his discriminatory comment against Plaintiff, Corder retaliated against Plaintiff by increasing scrutiny over him, and hovering over his work.

14. Plaintiff had worked in the same position for nearly two years at that time, and never before had this type of scrutiny occurred.

15. On or about March 21, 2015, Plaintiff began experiencing severe symptoms associated with his PTSD while at work. These symptoms necessitated that Plaintiff leave work approximately 15 minutes early.

16. Plaintiff informed his supervisor, Eric Corder, of his need to leave early.

17. Plaintiff subsequently notified his HR contact for Toyota, Erica Balch, and the on-site manager for Coast, Sara Drawdy, that he would require 15 minutes

of FMLA leave for leaving early, as well as FMLA leave for the rest of the week until such time that he could get an appointment with his doctor at the VA clinic.

18. On March 24, 2016, Plaintiff was taken off work by his doctor through April 8, 2016, due to symptoms of panic, anxiety, and depression, brought on by his PTSD. Plaintiff supplied both Balch and Drawdy with a written excuse from his doctor.

19. Additionally, Plaintiff complied fully with Toyota's policy by calling in to the Toyota system every day he was not at work, and maintained communication regarding his absence with Balch and Drawdy.

20. Despite complying with all of Coast's and Toyota's policies regarding medical related absences, Plaintiff was terminated on March 28, 2016, on the basis of his disability, and in retaliation for reporting Corder to HR and requesting a transfer.

21. Both Toyota and Coast had full knowledge of Plaintiff's disabilities prior to his termination.

## COUNT I

22. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

23. Defendants discriminated against Plaintiff and terminated him on the basis of his disability in violation of the Americans with Disabilities Act, 42 USC §12112(a).

24. Defendants' actions directly and proximately caused Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT 2

25. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

26. Defendants further discriminated against Plaintiff by terminating him in retaliation for participating in protected EEO activity and opposing discriminatory practices on the part of Defendant in violation of the ADA 42 USC §12203(a).

27. Defendants' actions directly and proximately caused Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages

permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

/s/ J. Zach Higgs, Jr.
J. Zach Higgs, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com
mfrady@higgsandemerson.com

/s/ D. Brice Johnson
D. Brice Johnson
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
(256)533-3251(phone)
(256)533-3265(fax)
bjohnson@higgsandemerson.com

Copies sent to:

Toyota Motor Manufacturing, Alabama, Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104

Beth Williams
Coast Personnel Services
12021 S. Memorial Parkway
Huntsville, AL 35803

EEOC Form 5 (11/09)

PLAINTIFF'S
EXHIBIT
A

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Joshua Armstrong | | |

| Street Address | City, State and ZIP Code |
|---|---|
| untsville, AL   35810 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against
Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (incl. Area Code) |
|---|---|---|
| Toyota Motor Manufacturing | 500+ | (256) 746-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Cottonvalley Drive NW        Huntsville, AL   35810 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Coast Personnel Services | 100+ | (256) 288-0606 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1855 University Drive NW  Huntsville, AL  35801 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☒ RETALIATION    ☐ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| Jan 1, 2016 | Mar 28, 2016 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Coast Personnel Services, an employment agency, to work as a machinist at the Toyota plant in Huntsville, AL beginning September 8, 2014. I am a disabled veteran who served in both Iraq and Afghanistan, and have been diagnosed with Post Traumatic Stress Disorder (PTSD).

During my employment at Coast/Toyota, I periodically had to miss work and take FMLA leave due to my PTSD condition, as well as several gout attacks. In early March of 2015, I learned that my supervisor, Eric Corder, had told an employee named Greg Allen that he was "just trying to keep [things at the plant] running. I've got one over here who thinks the war made him crazy and is using PTSD to lay out of work." The person referenced in this statement was me. Greg Allen told Toyota's HR department about the statement, and when HR talked to me, I requested to be moved to a different department. I was never moved, and to my knowledge no disciplinary action was taken against Mr. Corder. After Greg Allen told Toyota's HR department about Mr. Corder's comment, Mr. Corder began to retaliate against me by hovering over me while I worked.

On March 21, 2015, I began to experience severe symptoms associated with PTSD while I was at work, which necessitated my leaving approximately 15 minutes early. I told my supervisor, Eric Corder, why I had to leave. I subsequently notified Erica Balch, my HR contact for Toyota, and Sara Drawdy, the on-site manager for Coast, that I needed to use 15 minutes of FMLA leave for Monday, and that I would need to use FMLA leave for the rest of the week until I was able to get an appointment with my doctor at the VA.

On March 24, 2016, my doctor at the VA took me off of work from 3/24/16 until 4/8/2016, due to problems I was having with panic disorder, depression, and PTSD. My doctor wrote me a work excuse, which I promptly sent to both Erica Balch and Sara Drawdy via email.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| Date          Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | |
| | State or local Agency, if any | and EEOC |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I also called the Toyota call-in system daily to keep my employer informed about my situation.

On March 28, 2016, I was informed that I had been terminated from my employment with Coast/Toyota because of "job abandonment." Sara Drawdy and Erica Balch claimed that I had missed work and never contacted them, which is simply untrue.
I followed all of Coast and Toyota's procedures for providing notice of a medical related absence. I believe that was wrongfully terminated due to my medical condition.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6/22/16
Date     Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)



EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Joshua Armstrong<br>12001 Northgate Dr.<br>Huntsville, AL 35810 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose Identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-02666 | IRAN CRUZ,<br>Investigator | (205) 212-2134 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

MAY 2 3 2017

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

(Date Mailed)

cc:
Toyota Motor North America
c/o Michael Martinez
Managing Counsel
5360 Legacy Drive
Plano, TX 75024

HIGGS & EMMERSON
c/o Dana Rizor-Burton, Attorney
405 Franklin Street
Huntsville, AL 35801

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** 2 years (3 years) **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"**  now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 420-2016 - 02666 |
| | | and EEOC |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | |
|---|---|---|
| Mr. Joshua Armstrong | | |

Street Address                     Huntsville, AL   35810    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (incl. Area Code) |
|---|---|---|
| Toyota Motor Manufacturing | 500+ | (256) 746-5000 |
| Street Address | City, State and ZIP Code | |
| 1 Cottonvalley Drive NW     Huntsville, AL   35810 | | |

RECEIVED
JUN 2 3 2016
E.E.O.C.
BIRMINGHAM DISTRICT

| Name | No. Employees, Members | Phone No. (incl. Area Code) |
|---|---|---|
| Coast Personnel Services | 100+ | (256) 288-0606 |
| Street Address | City, State and ZIP Code | |
| 1855 University Drive NW  Huntsville, AL  35801 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan 1, 2016    Latest: Mar 28, 2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Coast Personnel Services, an employment agency, to work as a machinist at the Toyota plant in Huntsville, AL beginning September 8, 2014. I am a disabled veteran who served in both Iraq and Afghanistan, and have been diagnosed with Post Traumatic Stress Disorder (PTSD).

During my employment at Coast/Toyota, I periodically had to miss work and take FMLA leave due to my PTSD condition, as well as several gout attacks. In early March of 2015, I learned that my supervisor, Eric Corder, had told an employee named Greg Allen that he was "just trying to keep [things at the plant] running. I've got one over here who thinks the war made him crazy and is using PTSD to lay out of work." The person referenced in this statement was me. Greg Allen told Toyota's HR department about the statement, and when HR talked to me, I requested to be moved to a different department. I was never moved, and to my knowledge no disciplinary action was taken against Mr. Corder. After Greg Allen told Toyota's HR department about Mr. Corder's comment, Mr. Corder began to retaliate against me by hovering over me while I worked.

On March 21, 2015, I began to experience severe symptoms associated with PTSD while I was at work, which necessitated my leaving approximately 15 minutes early. I told my supervisor, Eric Corder, why I had to leave. I subsequently notified Erica Balch, my HR contact for Toyota, and Sara Drawdy, the on-site manager for Coast, that I needed to use 15 minutes of FMLA leave for Monday, and that I would need to use FMLA leave for the rest of the week until I was able to get an appointment with my doctor at the VA.

On March 24, 2016, my doctor at the VA took me off of work from 3/24/16 until 4/8/2016, due to problems I was having with panic disorder, depression, and PTSD. My doctor wrote me a work excuse, which I promptly sent to both Erica Balch and Sara Drawdy via email.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Page 1 of 2 _____ Date     See Page 2 for signature _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION** | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☐ EEOC | |

_State or local Agency, if any_

and EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I also called the Toyota call-in system daily to keep my employer informed about my situation.

On March 28, 2016, I was informed that I had been terminated from my employment with Coast/Toyota because of "job abandonment." Sara Drawdy and Erica Balch claimed that I had missed work and never contacted them, which is simply untrue.
I followed all of Coast and Toyota's procedures for providing notice of a medical related absence. I believe that was wrongfully terminated due to my medical condition.

RECEIVED
JUN 23 2016
E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct.<br><br>6/22/16 _____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Page 2 of 2